**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**CHRISTOPHER HAMPTON,**                                                   **PETITIONER**

**V.**                                                                             **NO. 1:00CR4-D**

**UNITED STATES OF AMERICA,**                                          **RESPONDENT**

**O P I N I O N**

This cause of action is before the Court on the motion of the petitioner for post conviction relief pursuant to 28 U.S.C. Section 2255. Petitioner raises one error which would give him ground for relief:

(1) His counsel was ineffective in either (a) failing to timely object to the lack of a downward adjustment in the Presentence Report ("PSR"), or (b) failing to timely object to the quantity of cocaine used in determining his sentence.

Petitioner entered a plea of guilty on April 21, 2000, to Count One of the Indictment pursuant to a written plea agreement. Pursuant to the plea agreement, the government dismissed all the other charges in the Indictment, including charges against petitioner's sister, Tasha Hampton.

After the entrance of the plea, but before the sentencing, petitioner was interviewed by the United States Probation Service. At that interview, Hampton denied that the money owed to him by the cooperating witness was for drug related debts. Additionally, he stated that the only reason he plead guilty was to keep his sister from going to jail. Based on those statements, the reporting officer determined that Hampton had not accepted responsibility for his actions. As someone who has not taken responsibility for his actions, Hampton could not receive a downward departure based on that (non)acceptance.

Additionally, the United States Probation Service included in the PSR that petitioner's sentence should take into account an additional 122.64 grams of crack cocaine that Hampton had hidden at a CI's residence, and 1/4 of a kilogram that Hampton had purchased in 1999.

Neither Hampton nor his counsel raised objection to the PSR prior to the sentencing hearing,

and both Hampton and his counsel signed the PSR indicating that they had no objections. Finally, at the sentencing hearing, petitioner's counsel informed the Court that Hampton had two objections to the PSR. The Court determined that those objections were untimely, and adopted the findings of fact and the conclusions drawn therefrom in the PSR.

Petitioner now contends that his counsel's lack of timely objection to these two points deprived him of effective assistance of counsel, in violation of the Sixth Amendment of the United States Constitution.

An ineffective assistance of counsel claim must pass the *Strickland* test. 466 U.S. 668, 687 (1984).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.*; *see also Sawyer v. Butler*, 848 F.2d 582 (5th Cir. 1988) (superseded on other grounds, *Sawyer v. Butler*, 881 F.2d 1272 (5th Cir. 1989)); *Lavernia v. Lynaugh*, 845 F.2d 493 (5th Cir. 1988); *Bridge v. Lynaugh*, 838 F.2d 770 (5th Cir. 1988); *Thomas v. Lynaugh*, 812 F.2d 225 (5th Cir. 1987); *Martin v. McCotter*, 796 F.2d 813 (5th Cir. 1986). In order to show that counsel's performance was deficient, the defendant "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable judgment." *Strickland,* 466 U.S. at 690.

This Court also notes that, in the Fifth Circuit, counsel is given high deference in his decision making and this Court "must make every effort to eliminate the distorting effects of hindsight and evaluate the conduct from counsel's perspective at the time." *Lavernia*, 845 F.2d at 498.

In order to demonstrate ineffective assistance with respect to sentencing, "there must be a 'reasonable probability that but for trial counsel's errors the defendant's noncapital sentence would

have been significantly less harsh.'" *United States v. Segler*, 37 F.3d 1131, 1136 (5th Cir. 1994).

This Court finds the decision not to object to either point now raised by petitioner is well within the realm of "reasonable judgment." It is clear to the Court that an objection to either point, in counsel's opinion, may not have been beneficial to Hampton. As such, petitioner's counsel was not required to make the objection. This is especially true in light of the findings by the Fifth Circuit that the sentencing was appropriate. Even assuming there was a trial counsel error, there is not a "reasonable probability that . . . the defendant's noncapital sentence would have been significantly less harsh" had counsel not made the "error." *Id*.

This Court finds petitioner's counsel was not required to make an objection to either of the two points raised by Hampton. As such, he never ceased to function as "counsel" as guaranteed by the Sixth Amendment. Additionally, this Court finds that even if there was an error, and counsel should have objected, the lack of objection did not make Hampton's sentence significantly more harsh. This is so in light of the Fifth Circuit's judgment that the sentence was appropriate.

Thus, having carefully considered petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. Section 2255, the Court finds that petitioner has stated no grounds warranting relief. An appropriate final judgment will issue.

This the 11th day of October, 2005.

/s/ Glen H. Davidson
CHIEF JUDGE